# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WADE LEWIS,<br><br>        Petitioner,<br><br>   v.<br><br>DERRAL G. ADAMS, Warden,<br><br>        Respondent. | 1:06-CV-0039 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 12, 2006, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its

1  own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the
2  petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

3  In the petition, Petitioner raises three claims. In Ground One, Petitioner claims he was denied
4  his "state-created right to parole." In Ground Two, he claims he is subject to an unconstitutional "no-
5  parole policy" in California. In Ground Three, he claims he received ineffective assistance of counsel
6  at trial for the underlying conviction.

7  The instant petition is a hybrid petition challenging parole and the underlying conviction;
8  however, the petition cannot proceed on both challenges. Since the majority of the petition is
9  devoted to the denial of parole, the instant action should proceed on those claims. To the extent that
10 Petitioner wishes to challenge his underlying conviction, Petitioner should file a separate petition.

**RECOMMENDATION**

12 Accordingly, the Court RECOMMENDS that Ground Three of the petition for writ of habeas
13 corpus be DISMISSED without prejudice.

14 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
15 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
16 of the Local Rules of Practice for the United States District Court, Eastern District of California.
17 Within thirty (30) days after being served with a copy, any party may file written objections with the
18 court and serve a copy on all parties.  Such a document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
20 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
21 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
22 parties are advised that failure to file objections within the specified time may waive the right to
23 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 **Dated:   January 26, 2006**            **/s/ Sandra M. Snyder**
   icido3                                  UNITED STATES MAGISTRATE JUDGE